THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Rondellte Frazier, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | CA No.: 3:16-cv-2657 |
| v. | § § | Collective Action |
| | § § | |
| Dallas/Fort Worth International Airport Board; the Joint Venture Manhattan/ Byrne/JRT/3i; Wells Global, LLC; EAS Contracting, LP; Haydon Building Corp.; Phillips/May Corporation; and Balfour Beatty Construction Corporation | § § § § § § § § § | Jury Demanded |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Rondellte Frazier ("**Plaintiff**") brings this Fair Labor Standards Act ("**FLSA**") suit against Dallas/Fort Worth International Airport Board (hereinafter "**D/FW Airport**"), the Joint Venture Manhattan/Byrne/JRT/3i/ (hereinafter "**MBJ3**"), Wells Global, LLC ("**Wells Global**"), EAS Contracting, LP ("**EAS**"), Haydon Building Corp. ("**Haydon**"), Phillips/May Corporation ("**Phillips**"), and Balfour Beatty Construction Corporation ("**Balfour**") (MBJ3, Wells Global, EAS, Haydon, Phillips and Balfour collectively "**Contractors**") (D/FW Airport and Contractors collectively "**Defendants**").

A.   Parties.

1. Plaintiff is an individual residing in the Northern District of Texas. In the three-year period preceding the filing of this action, Plaintiff was jointly employed by each of

the Defendants within the meaning of the FLSA. Plaintiff's written consent to become a party plaintiff is being filed with the Court as Exhibit A.

2. The Class Members are other Civilian Security Officers that were employed by D/FW Airport and some, if not all of, the Contractors in the three-year period preceding the filing of this action and were not paid overtime as required by the FLSA.

3. D/FW Airport is an entity operating in the Northern District of Texas and is an entity engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA.

4. MBJ3 is a joint venture operating in the Northern District of Texas and is an entity engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA.

5. Wells Global is an entity operating in the Northern District of Texas and is an entity engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA.

6. EAS is an entity operating in the Northern District of Texas and is an entity engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA.

7. Haydon is an entity operating in the Northern District of Texas and is an entity engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA.

8. Phillips is an entity operating in the Northern District of Texas and is an entity engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA.

9. Balfour is an entity operating in the Northern District of Texas and is an entity engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA.

### B. Jurisdiction and Venue.

10. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

11. Each of the Defendants conducts substantial business in the Northern District of Texas and has sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

12. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

### C. Coverage.

13. At all material times, D/FW Airport has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

14. At all times hereinafter mentioned, D/FW Airport has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15. At all material times each of the Contractors has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

16. At all times hereinafter mentioned, each of the Contractors has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, each of the Defendants has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, each of the Defendants has been an enterprise engaged in commerce in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Defendants operate and construct an international airport and its terminals.

19. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

20. Plaintiff was jointly employed by D/FW Airport and each of the Contractors within the applicable statute of limitations.

### D.     Factual Allegations.

**(i)     Employment Status**

21. D/FW Airport employs security guards ("**Civilian Security Officers**") to provide security services (the "**Security Services**") to protect the Dallas/Fort Worth International Airport.

22. D/FW Airport contracted with Contractors to construct an updated airport terminal at the Dallas/Fort Worth International Airport. D/FW Airport and Contractors work together to deliver this updated airport terminal.

23. Plaintiff and the Class Members perform security services at the Dallas/Fort Worth International Airport.  Plaintiff is paid by different entities for performing those Security Services.  Some of the time he is paid by D/FW Airport and some of the time he is paid by the Contractors. Regardless of which entity pays him, Plaintiff is performing the same Security Services.

24. D/FW Airport employed Plaintiff as a Civilian Security Officer in the Department of Public Safety on June 13, 2011, and he is presently employed by D/FW Airport in that capacity as a regular, full-time employee.

25. Each of the Contractors allegedly employ Plaintiff as an "independent contractor" to perform the same Security Services. Although labeled an independent contractor, under the economic realities test Plaintiff is actually an employee of each of the Contractors.

26. While performing Security Services as an employee of D/FW Airport, D/FW Airport and Contractors consider the Plaintiff to be performing "on duty" Security Services. While performing the Security Services allegedly as an independent contractor for Contractors, D/FW Airport and Contractors consider the Plaintiff to be performing "off duty" Security Services.

27. At all times D/FW Airport and Contractors consider the Plaintiff and the Class Members to have more than one job/employer and thus do not combine the hours worked for purposes of determining whether Plaintiff and the Class Members have worked more than 40 hours in a given work week.

28. The alleged arrangement for Plaintiff and the Class Members to allegedly work some hours for D/FW Airport and some hours for Contractors is a sham and was constructed to avoid paying overtime wages.

29. While performing the Security Services allegedly for Contractors, Plaintiff, among other things:

    a. Works at the same location as he does when performing Security Services while employed by D/FW Airport;

    b. wears the same badge as he does when performing Security Services while employed by D/FW Airport;

  c. wears the same uniform as he does when performing Security Services while employed by D/FW Airport;

  d. uses the same D/FW Airport equipment as he does when performing Security Services while employed by D/FW Airport;

  e. reports to the same D/FW Airport supervisors as he does when performing Security Services while employed by D/FW Airport;

  f. performs the same duties as he does when performing Security Services while employed by D/FW Airport;

  g. performs work side-by-side with security officers employed by D/FW Airport and security officers allegedly employed by Contractors;

  h. follows the same D/FW Airport rules and policies as he does when performing Security Services while employed by D/FW Airport;

  i. is subject to and is disciplined by D/FW Airport; and

  j. can be fired by D/FW Airport.

30. When the Civilian Security Officers are jointly employed by D/FW Airport and the Contractors, they are doing the exact same job. In fact, at many assignment posts one could find a Civilian Security Officer employed by D/FW Airport and a Civilian Security Officer allegedly employed by Contractors working together side-by-side doing the same tasks and performing the same Security Services. One could not tell the difference in the Civilian Security Officers.

31. At all times D/FW Airport and the Contractors jointly supervise and control the work of Plaintiff while he is performing Security Services regardless of whether he

is performing those services while employed by D/FW Airport or employed by Contractors.

32. D/FW Airport controls whether Plaintiff can be assigned hours by Contractors.

33. D/FW Airport and Contractors jointly determine the essential terms and conditions of Plaintiff's employment. Both D/FW Airport and Contractors exercise control over the work performed by Plaintiff.

34. Plaintiff and the Class Members are not "independent contractors" of Contractors but are in fact direct employees of both D/FW Airport and Contractors. In this regard under the FLSA, D/FW Airport and Contractors are each "joint employers" of Plaintiff and the Class Members.

35. "Where an employee performs work that simultaneously benefits more than one employer, the concept of 'joint employment' imposes individual and joint FLSA liability on all employers." *Parker v. ABC Debt Relief, Ltd. Co.,* 2013 WL 371573, *4 (N.D.Tex. Jan.28, 2013) (citing 29 C.F.R. § 791.2(a)).

36. Plaintiff and the Class Members meet this test with regard to D/FW Airport and Contractors because in addition to the reasons stated in paragraph 29 above, among other reasons:

    a. The employment takes places on the premises of D/FW Airport;

    b. Both D/FW Airport and Contractors exercise control over the Plaintiff and the Class Members;

    c. Both D/FW Airport and Contractors have the power to fire, hire, or modify the employment conditions of the Plaintiff and the Class Members; and

    d. Plaintiff and the Class Members perform security services which is a "specialty job" at the Dallas/Fort Worth International Airport.

### (ii) Hours worked and Pay Arrangements

37. Plaintiff and the Class Members were/are paid on an hourly basis.

38. As an employee of D/FW Airport Plaintiff works 40 hours per week performing the Security Services. Plaintiff works an additional number of hours per week allegedly as an independent contractor for Contractors performing those same Security Services.

39. When the hours Plaintiff is assigned by D/FW Airport are combined with the hours Plaintiff is assigned by the Contractors, Plaintiff and similarly situated employees regularly work in excess of 40 hours a week. Plaintiff and similarly situated employees are not paid at an overtime rate for the combined hours.

40. Defendants do not pay Plaintiff and similarly situated employees, time-and-one-half their regular rate of pay for the hours that Plaintiff and similarly situated employees for all hours worked over 40 hours a week because they count the on duty work and off duty work as separate jobs and do not combine the hours worked to determine if Plaintiff has worked over 40 hours in a given week.

41. Defendants knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay the minimum wage and/or overtime compensation with respect to Plaintiff and similarly situated employees.

42. Plaintiff has retained the Law Office of Chris R. Miltenberger, PLLC to represent her in this litigation and has agreed to pay a reasonable fee of its services.

### E.   Collective Action Allegations.

43. Other employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA.  Other Civilian Security Officers were/are paid in the same manner as Plaintiff, i.e., the hours assigned by D/FW Airport were/are not combined with the hours assigned by the Contractors to determine overtime eligibility.  The illegal practices or policies of Defendants have been uniformly imposed on the Class Members.

44. The Class Members performed job duties typically associated with non-exempt employees.  Their duties were routine and did not require the exercise of independent judgment or discretion. Moreover, these employees regularly worked more than 40 hours in a workweek and were not paid one and one-half their regular rate of pay for hours worked in excess of 40 hours in a work week.

45. Accordingly, the employees victimized by Defendants' unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

46. Defendants' failure to pay overtime compensation at the rates required by the FLSA are due to a generally applicable policies or practices and do not depend on the personal circumstances of the Class Members.  Thus, Plaintiff's experience is typical of the experience of the Class Members.

47. The specific job titles, precise job requirements or job locations of the various Class Members do not prevent collective treatment.  All Class Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid overtime compensation for hours worked in excess of 40 hours per week when the

hours of the joint employers are combined. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

48. Accordingly, the class of similarly situated plaintiffs is properly defined as:

   a. **All Civilian Security Officers who were employed by D/FW Airport and/or employed by Contractors as an alleged independent contractor at any time during the three years preceding the filing of this lawsuit and who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

49. Plaintiff brings this action on behalf of similarly situated employees.

50. As a collective action, Plaintiff seeks this Court's appointment and\or designation as representative of a group of similarly situated individuals as defined herein.

   **F.    Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

51. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

52. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

53. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay the minimum wage and/or overtime compensation with respect to Plaintiff and the Class Members.

54. Defendants did not act in good faith and/or have reasonable grounds for a belief that their actions did not violate the FLSA nor did they act in reliance upon any of the following in formulating their pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

### G.    Jury Demand.

55. Plaintiff demands a trial by jury herein.

### H.    Relief Sought.

56. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he and all and all those who consent to be opt-in plaintiffs in this collective action recover jointly and severally from each Defendant, the following:

   a. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiff and his counsel to represent the Class Members;

   b. An Order requiring Defendants to provide the names, addresses, email addresses and telephone numbers of all potential Class Members;

c. An Order approving the form and content of a notice to be sent to all potential Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

d. Overtime compensation for all unpaid hours worked up until the time of trial and judgment in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

e. All unpaid wages and overtime compensation up until the time of trial and judgment;

f. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendants' failure to pay overtime compensation pursuant to the FLSA;

g. Reasonable attorney's fees, expert fees, costs, and expenses of this action as provided by the FLSA;

h. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

i. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

By: ___/s/ *Chris R. Miltenberger*___
    Chris R. Miltenberger
    Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**

1340 N. White Chapel, Suite 100
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**