# IN THE UNITED STATES DISTRICT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| RONDELLTE FRAZIER, Individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | No. 3:16-cv-2657-M |
| DALLAS/FORT WORTH INTERNATIONAL AIRPORT BOARD, et al. | § § § | |
| Defendants. | § § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are Motions to Dismiss filed by Haydon Building Corp. and Phillips/May Corporation [ECF Nos. 35, 44] and Defendant Dallas/Fort Worth International Airport Board's Motion to Transfer Venue [ECF No. 66] and Motion for Leave Requesting the Court to Consider Evidence [ECF No. 78]. For the reasons stated on the record, the Motion to Transfer Venue is **DENIED**, and the Motion for Leave is **GRANTED**.

The Motions to Dismiss are **GRANTED**. Plaintiff has leave to file a second amended complaint by **July 12, 2017**, curing the defects identified below. If the Plaintiff elects not to file a second amended complaint, and instead chooses to proceed only against the Dallas/Fort Worth International Airport Board, documents dismissing the other Defendants are also due by **July 12, 2017**. In accordance with the Court's Order of February 2, 2017, which granted Defendants' Motion to Stay [ECF No. 72], Defendants shall file a joint response to Plaintiff's Motion for Notice to Potential Plaintiffs and Conditional Certification, not to exceed 50 pages, within 21 days after the filing of a second amended complaint or dismissal documents.

## I.     BACKGROUND

Beginning on or about June 13, 2011, Dallas/Fort Worth International Airport Board ("DFW Board") employed Plaintiff to provide security services as a Civilian Security Officer. Am. Compl. ¶¶ 31, 34.  Plaintiff is a regular, full-time employee of DFW Board.  *Id.*  Since hiring Plaintiff, DFW Board has been involved with the construction of an updated airport terminal at the Dallas/Fort Worth International Airport ("Airport").  *Id.* ¶ 32.  In furtherance of this project, DFW Board contracted with the other Defendants in this case (collectively, the "Contractors") to perform tasks and services related to the terminal's construction.  *Id.*  The Contractors then engaged Plaintiff on an as-needed, independent contractor basis to provide security-related services when he was not performing his work for DFW Board.  *Id.* ¶¶ 35–37.

Plaintiff claims that, despite being called an independent contractor by the Contractors, he and others similarly situated were in fact jointly employed by DFW Board and the Contractors, and therefore are entitled to overtime wages, calculated by combining the hours worked for DFW Board and the hours worked for the Contractors.  *Id.*  ¶¶ 30, 64–65, 68. Plaintiff argues that because Plaintiff was at the same location, wearing the same badge and uniform, using the same equipment, reporting to the same supervisors, and following the same rules and policies while working for the DFW Board and the Contractors, he was in fact jointly employed.

## II.     LEGAL STANDARD

Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  To survive a Rule 12(b)(6) Motion to Dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To satisfy plausibility, a

plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard requires more than a sheer possibility that the defendant acted unlawfully, and Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555.

## III.    ANALYSIS

Plaintiff's Amended Complaint does not adequately plead an employer–employee relationship between Plaintiff and the Contractors. Plaintiff does not differentiate his relationship with each Contractor, and instead relies largely on his recitation of the elements of the "economic reality" test to plead employer status. Additionally, Plaintiff does not adequately plead facts to support the inference that Plaintiff is an employee and not an independent contractor of the Contractors.

### a.  Employer Status under the FLSA

The Amended Complaint is devoid of examples supporting Plaintiff's claim that he was employed by each Contractor. "To be bound by the requirements of the Fair Labor Standards Act, one must be an 'employer.'" *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971 (5th Cir. 1984). Under the FLSA, the term "employer" "includes any person acting directly or indirectly in the interest of an employer in relation to an employee." *Lee v. Coahoma Cty.*, 937 F.2d 220, 226 (5th Cir. 1991). "The term employer includes individuals with managerial responsibilities and 'substantial control over the terms and conditions of the [employee's] work.'" *Lee*, 937 F.2d at 226 (quoting *Falk v. Brennan*, 414 U.S. 190, 195 (1973)).

The Amended Complaint does not allege Plaintiff's particular dates of employment with any of the Contractors, nor does it provide any description of how Plaintiff was "hired" by the Contractors.  Similarly, Plaintiff does not describe how he received his work assignments from the Contractors.  Plaintiff's bare allegation that "[s]ome of the time he is paid by D/FW Airport[,] and some of the time he is paid by one of the Contractors," does not provide a sufficient factual basis to establish an employment relationship as to each individual Contractor. Am. Compl. ¶¶ 35–36.

Further, Plaintiff provides no factual basis for alleging that each Contractor "possessed the power to hire and fire the employees" and "supervised and controlled employee work schedules or conditions of employment."  *Id*. at ¶ 57.  Plaintiff merely states:

> When employed by a Contractor, that Contractor has the authority to hire and fire the Plaintiff and Class Members.
> a.  See, statement of D/FW Airport in response [to] Frazier's EEOC [sic] stating "[t]he construction contractor . . . has specifically requested that Frazier no longer is scheduled to work their duty posts . . ."

*Id*. (first and second alterations not in original)

At best, the referenced statement indicates only that the Contractor can, and did, request that DFW Board not assign Frazier to their duty posts.  Plaintiff does not plead how the Contractors "supervised and controlled employee work schedules or conditions of employment."

**b.  Joint Employment**

Because Plaintiff does not sufficiently plead an employment relationship with the Contractors, the Amended Complaint's deficiencies also render the pleading of the joint employment theory deficient.

### c. Enterprise Coverage

Plaintiff does not adequately plead enterprise coverage under the FLSA. The FLSA guarantees minimum wage and overtime pay to employees engaged "in the production of goods for commerce" ("individual coverage") or "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage"). *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992).

For purposes of establishing enterprise coverage, the FLSA defines "enterprise engaged in commerce or in the production of goods for commerce" as one that:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) [.]

29 U.S.C. § 203(s)(1).

Merely reciting the elements of the statute is insufficient to establish enterprise coverage. *See Whitlock v. That Toe Co.*, 2015 WL 1914606, at *3 (N.D. Tex. Apr. 28, 2015) ("While Plaintiff makes reference to the relevant statute and asserts that he was engaged in commerce, Plaintiff does not specifically allege that [the defendant] had an annual gross volume of sales that is not less than $500,000, or any other facts to support his recitation of the law."); *Morrow v. JW Electric Inc.*, No. 11–1988, 2011 WL 5599051, at *3 (N.D. Tex. Nov. 16, 2011) ("Rather than pleading specific facts that establish individual or enterprise coverage, plaintiff merely recites the statutory elements of FLSA coverage, or asserts generalized facts that do not relate to the coverage issue." (citations omitted)).

Plaintiff does not differentiate among or make specific coverage allegations as to each individual Defendant; instead, he makes only generalized statements regarding all the

Defendants collectively. Plaintiff largely does so through a recitation of the statutory language and elements for asserting enterprise coverage. While Plaintiff asserts that "Defendants operate and construct an international airport and its terminals," he provides no additional facts or allegations to show that employees were "engaged in commerce or in the production of goods for commerce," or that employees were "handling, selling, or otherwise working on goods" that moved in interstate commerce. One could guess that the construction of an international airport terminal might involve employees working on goods of the type required by the FLSA, but the Amended Complaint does not contain sufficient facts from which one could make such an inference. *See Kidwell v. Digital Intelligence Sys., LLC*, 2014 WL 4722706, at *6 (N.D. Tex. Sept. 22, 2014) (finding allegations of individual coverage insufficient when "[d]espite the presence of the term 'national' in his job title, Kidwell offers neither a description of the nature of his work nor a clarification as to how such work engaged him in interstate commerce").

### d. Willful Conduct

Plaintiff has sufficiently pleaded a willful violation of the FLSA. A violation is willful if the employer "either knew or showed reckless disregard for . . . whether its conduct was prohibited by the statute." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2002). Conclusory allegations of willfulness may survive a 12(b)(6) motion to dismiss. *See Ecoquij-Tzep v. Grill*, 2016 WL 3745685, at *4 (N.D. Tex. July 12, 2016) (Lynn, C.J.) (finding conclusory allegations sufficient where Plaintiff alleged Defendant acted willfully because Defendant knew of the FLSA's minimum wage and overtime requirements, yet "recklessly failed to investigate" whether its payroll practices were in accordance with the FLSA).

## IV.    CONCLUSION

For the reasons discussed, Plaintiff's Amended Complaint does not adequately plead employment relationships between Plaintiff and the Contractors, as required for his FLSA claim. Therefore, the Motions to Dismiss are **GRANTED**.  Plaintiff must replead or dismiss all the Contractor Defendants by July 12, 2017.

   **SO ORDERED.**

June 25, 2017.


_____
**BARBARA M. G. LYNN**
**CHIEF JUDGE**