IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Rondellte Frazier, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| Dallas/Fort Worth International Airport Board, | § § § | Civil Action No. 3:16-CV-02657-S |
| Defendant. | § § § § | |

## DEFENDANT'S PARTIAL MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the FEDERAL RULES OF CIVIL PROCEDURE, Local Rules 56.3 and 56.5, Defendant Dallas/Fort Worth International Airport Board ("Defendant" or "DFW") moves for partial summary judgment on Opt-In Plaintiff Cynthia Brannon's ("Brannon") claims for failure to pay wages in accordance with the Fair Labor Standards Act and Defendant's defense that Brannon's claims are offset, in whole or in part, by premium payments made for work in excess of or outside of specified daily or weekly standard work periods or on certain special days. The grounds, facts, and legal arguments and authorities supporting Defendant's Motion are set forth in its Brief in Support of its Motion for Summary Judgment filed simultaneously herewith. The evidence in support of Defendant's Motion is filed in a separately contained appendix of evidence filed simultaneously herewith.

For the reasons set forth in Defendant's Brief in Support of its Motion for Summary Judgment, Defendant respectfully requests that the Court enter an order and final judgment granting summary judgment to Defendant and dismissing all of Brannon's claims with prejudice.

Respectfully Submitted,

*/s/ Saba H. Alvi*
Kimberly R. Miers
Texas State Bar No. 24041482
kmiers@littler.com
Saba H. Alvi
Texas Bar No. 24082324
salvi@littler.com

LITTLER MENDELSON, P.C.
A Professional Corporation
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100
214.880.0181 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On September 26, 2018, I e-filed foregoing document and served counsel of record via e-mail.

*/s/ Saba H. Alvi*
Saba H. Alvi

Firmwide:156973958.1 086340.1002

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Rondellte Frazier, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| Dallas/Fort Worth International Airport Board, | § § § | Civil Action No. 3:16-CV-02657-S |
| Defendant. | § § § § | |

## DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Dallas/Fort Worth International Airport Board ("Defendant" or "DFW") files this Brief in Support of its Motion for Partial Summary Judgement with respect to Opt-In Plaintiff Cynthia Brannon's ("Brannon") claims.

### I. SUMMARY OF ARGUMENT

Opt-In Plaintiff Brannon asserts Fair Labor Standards Act ("FLSA") claims against Defendant under a joint employer theory for allegedly failing to pay overtime premium rates for her "off duty" work with two other companies -- Phillips/May Corporation ("Phillips") and the joint venture of Manhattan/Byrne/JRT/3i ("MBJ3") (collectively, "the Companies") -- in excess of her normal working hours. *See* [Doc. 29]. Defendant disputes that Brannon was jointly employed by Defendant and the Companies, or that Brannon is entitled to any relief under the FLSA.

DFW seeks summary judgment with respect to Brannon's claims because there is incontrovertible evidence that Brannon cannot prevail on her FLSA claims as a matter of law,

regardless of whether she can meet her burden to establish joint employment between DFW and the Companies.

## II. STATEMENT OF FACTS

DFW hired Brannon on August 8, 2016 as a Civilian Security Officer at the Dallas-Fort Worth International Airport ("Airport"). *See* Appendix in Support of Defendant's Motion for Summary Judgment ("Def. App.") 001, Ex. A, Declaration of Kevin M. Moore ("Moore Dec.") ¶ 3. DFW pays Brannon on an hourly basis and, when she works more than 40 hours for DFW in a workweek, she is paid one and one-half times her regular rate, in accordance with the FLSA. *See* Def. App. 002, 004-005, Moore Dec. ¶ 7 and Attachment 1 thereto ("Ex. A-1"). During her employment with DFW, from February 6, 2017 through July 9, 2017, Brannon's hourly rate of pay has was $17.55. *See* Def. App. 002, 004-005, Moore Dec. ¶ 7 and Ex. A-1.

Outside of her normal working hours with DFW, Brannon previously worked as an independent contractor doing security guard work (also at DFW) for MBJ3.[1] Specifically, according to MBJ3's records, Brannon provided services to MBJ3 outside of her standard weekly work period with DFW **on only two occasions**. *See* Def. App. 013, 017-018, Ex. D, Affidavit of Larry W. Reid ("MBJ3 Aff."), and Attachment 1 thereto ("Ex. D-1"). On February 14, 2017, Brannon provided 4 hours of independent contractor services to MBJ3 at a fixed rate of $30.00 per hour. Def. App. 013, 016-018, MBJ3 Aff. ¶ 3 & Ex. D-1. Likewise, on June 27, 2017, Brannon provided 4 hours of independent contractor services to MBJ3 at a fixed rate of $30.00 per hour. Def. App. 013, 016-018, MBJ3 Dec. ¶ 3 & Ex. D-1.

---

[1] Brannon incorrectly claims to have provided services to MBJ3 and Phillips. *See* Def. App. 008-009, Ex. B, Contractor Information provided by Plaintiff pursuant to the Court's January 17, 2018 Order requiring Plaintiff and Opt-In Plaintiffs to identify which Companies they worked for ("Ex. B"). In fact, Phillips has no record of Brannon providing services to Phillips during the relevant time period. *See* Def. App. 010-012, Ex. C, Affidavit of Amanda Castro ("Phillips Aff.") ¶ 3.

DEFENDANT BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT – PAGE 2

### III. ARGUMENT AND AUTHORITIES

#### A. Summary Judgment Standard.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a). For the reasons described below, summary judgment is appropriate with respect to Brannon's claims against DFW in this lawsuit.

#### B. DFW is entitled to an offset for any alleged overtime owed to Brannon.

DFW is entitled to various offsets against any award for damages to Brannon for compensation over and above that to which she was entitled under the FLSA, which requires overtime pay for hours worked over 40 in a workweek. *See* 29 U.S.C. § 207.

##### 1. Premium pay is credited toward overtime payments due under the FLSA.

Certain payments in the form of increased hourly wages for work performed outside of specified daily or weekly standard work periods are regarded as "premium pay" under the FLSA and should be credited toward any overtime payments required by the FLSA. *See* 29 C.F.R. § 778.201. The FLSA expressly authorizes certain "credits" towards overtime compensation. *See* 29 U.S.C. § 207(h)(2). The FLSA provides that an employer is entitled to credits "toward overtime compensation payable" for "extra compensation provided by a premium rate paid for certain hours worked by the employee in any day or workweek because such hours are hours worked in excess of eight in a day or in excess of the maximum workweek applicable to such employee...or in excess of the employee's normal working hours or regular working hours, as the case may be[.]" 29 U.S.C. §§ 207(e)(5), 207(h)(2); *see also* 29 C.F.R. §778.201(c) ("Section 7(h) of the [FLSA] specifically states that the extra compensation provided by these ... [premium] payments may be credited toward overtime compensation due under section 7(a) for

work in excess of the applicable maximum hours standard"). Therefore, an employer may use premiums it pays to employees to offset overtime owed to employees within the same workweek[2] as the alleged unpaid overtime. *See e.g., Hesseltine v. Goodyear Tire & Rubber Co.*, 391 F. Supp. 2d 509, 521–23 (E.D. Tex. 2005) ("Plaintiffs' claims for overtime compensation under the FLSA are offset in their entirety by prior premium payments made by Goodyear."); *St. Amant v. Knights' Marine & Indus. Servs., Inc.*, No. 1:14CV174-HSO-RHW, 2015 WL 4568813, at *12 (S.D. Miss. July 28, 2015) ("KMIS is entitled to a credit pursuant to 29 U.S.C. § 207(h) for all overtime premium payments previously paid…KMIS is entitled to credit for the $31.35 overtime premium payment already made to St. Amant, such that for the week of June 9, 2013, KMIS only owes the difference between the $62.70 overtime premium actually owed and the $31.35 overtime premium already paid, which difference is $31.35."); *see also Laboy v. Alex Displays, Inc.*, No. 02 C 8721, 2003 WL 21209854, at *3–5 (N.D. Ill. May 21, 2003).

2. **Premium pay is excluded from the regular rate when computing overtime payments.**

Further, premium pay is excluded from an employee's regular rate of pay when computing overtime compensation due under the FLSA. *See* 29 U.S.C. §§ 207(e)(5); 29 C.F.R. § 778.201 ("the extra compensation provided by the premium rates need not be included in the employee's regular rate of pay for the purpose of computing overtime compensation"); *see also Juarez-Cardoso v. La Flor de Santa Ines, Inc.*, No. 15 CIV. 6671 (VMS), 2017 WL 4357009, at *20–21 (E.D.N.Y. Sept. 29, 2017). In *Laboy*, an employer used a bonus system to pay its employees attending trade shows by providing employees with one check for 40 hours at an

---

[2] The Fifth Circuit has held that, in at least some circumstances, an employer may even offset overpayments in some work periods against shortfalls for overtime compensation in *other work periods*. *See Singer v. City of Waco, Tex.*, 324 F.3d 813, 827 (5th Cir. 2003) ("[O]vertime premiums are extra payments made by employers. These sums are excluded from the total salary (from which the regular hourly rate is calculated) so that they do not improperly inflate the hourly rate.").

DEFENDANT BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT – PAGE 4

employee's regular rate (regardless of the number of hours worked during the first week at the trade show) and a second check to compensate employees for overtime worked during the trade show. 2003 WL 21209854 at *1. The employer explained that it paid more than one and one-half times employees' regular rate for overtime at trade shows to compensate for the inconvenience of working away from home, and meal expenses over the per diem rate paid to each employee. *Id.* The Court treated the payments as premium compensation and found that the employer was entitled to a credit for the payments. *Id.* at *4. The Court further held that because under 29 C.F.R. § 778.201(a) the payments were excluded from the regular rate and Laboy was paid more than one and one-half times his regular rate if the payments were excluded, his claim for overtime pay failed. *Id.* at *5.

    **B.**    **Brannon's claims fail because she received premium payments at a rate that was at least one and one-half times her regular rate for each week she provided services to MBJ3.**

Similarly, here, even if Brannon was jointly employed by DFW and MBJ3 (she was not), her claims fail as a matter of law because she received premium pay for work performed outside of her regular work hours at a fixed rate that was at least one and one-half times her regular rate. Brannon performed work as an independent contractor for MBJ3, outside of her normal working hours with DFW, at a premium fixed pay rate of $30.00 per hour, while her regular hourly rate for DFW was $17.55. *See* Def. App. 014, 016-018, MBJ3 Aff. ¶ 3, Ex. D-1; Def. App.004-007, Exs. A-1, A-2. For the reasons described above, this premium pay is excluded from Brannon's regular rate of pay when computing overtime compensation due under the FLSA and DFW is entitled to an offset of this premium pay toward any alleged overtime owed to Brannon.

MBJ3's records show that Brannon provided services to MBJ3 on two dates during the relevant time period. *See* Def. App. 014, 016-018, MBJ3 Aff. ¶ 3 & Ex. D-1. For the workweek

of February 13, 2017 through February 19, 2017, Brannon worked 40 hours for DFW at the rate of $17.55 per hour. *See* Def. App. 002, 004, 006, Moore Dec. ¶ 6 & Exs. A-1, A-2. During this workweek, Brannon also provided 4 hours of independent contractor services to MBJ3 on February 14, 2017 at a fixed rate of $30.00 per hour. *See* Def. App. 014, 016-018, MBJ3 Aff. ¶ 3, Ex. D-1. Thus, even if the Court ultimately determines DFW and MBJ3 jointly employed Brannon, she received a premium rate ($30.00 per hour) for work performed outside her regular workweek, at a rate of at least one and one-half times her regular rate (or $26.32) during this workweek.

For the workweek of June 26, 2017 through July 2, 2017, Brannon worked 32 regular hours for DFW and used 8 hours of sick time at the rate of $17.55 per hour. *See* Def. App. 002, 005, 007, Moore Dec. ¶ 6 & Exs. A-1, A-2. During this workweek, Brannon also provided 4 hours of independent contractor services to MBJ3 on June 27, 2017 at a rate of $30.00 per hour. *See* Def. App. 014, 016-018, MBJ3 Aff. ¶ 3, Ex. D-1. Here, even if the Court ultimately determines DFW and MBJ3 jointly employed Brannon, she is not entitled to ***any*** overtime during this workweek because her hours worked during the workweek (36 hours) did not exceed 40 hours. *See* 29 U.S.C. § 207(e)(2) (the regular rate does not include "payments made for occasional periods when no work is performed due to…illness…").

**Therefore, as a matter of law, Brannon has no valid claim for overtime pay.**

### IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests the Court grant this Motion for Summary Judgment to dismiss Brannon's claims against Defendant with prejudice, that Brannon take nothing, and that the Defendant be awarded such other and further relief to which it is justly entitled.

Respectfully Submitted,

/s/ Saba H. Alvi
_____
Kimberly R. Miers
Texas State Bar No. 24041482
kmiers@littler.com
Saba H. Alvi
Texas Bar No. 24082324
salvi@littler.com

LITTLER MENDELSON, P.C.
A Professional Corporation
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100
214.880.0181 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

On September 26, 2018, I e-filed foregoing document and served counsel of record via e-mail.

/s/ Saba H. Alvi
_____
Saba H. Alvi

Firmwide:156217473.4 086340.1002